NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRIAN KEITH BRAGG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 09-4331 (GEB) ) |
| DR. RAKESH AGARWAL; et al., | ) **MEMORANDUM OPINION** ) |
| Defendants. | ) ) |

**BROWN, Chief Judge**

This matter comes before the Court on Plaintiff's September 30, 2009 application for pro bono counsel, pursuant to 28 U.S.C. §1915(e)(1). (Docket Entry No. 5.) For the reasons that follow, the Court will order the appointment of pro bono counsel for Plaintiff.

**I.   BACKGROUND**

The Court will only recount the relevant and necessary facts. The Plaintiff alleges that he has a terminal illness[1] that is not being properly treated by the Defendants and that he has endured extraordinary pain. Plaintiff seeks $1,000,000.00 in actual damages and another $1,000,000.00 in punitive damages. He also seeks a physical examination by a specialist to determine if the lump on the back of his neck is cancer or not.

**II.  DISCUSSION**

It has been noted that "[w]here an unrepresented [p]laintiff in a civil suit is indigent, and

---

[1] Though Plaintiff claims that he has Lymphoma, Mercer County has notified this Court that Plaintiff was suffering from Lipoma, a benign tumor, which has since been surgically excised.

where good cause exists for the appointment of pro bono counsel under 28 U.S.C. §1915(e)(1), the District Court has the discretion and authority to appoint pro bono counsel even in the absence of a specific motion to do so, pursuant to Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993)." Williams v. Hayman, 488 F. Supp. 2d 446, 447 (D.N.J. 2007). "The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997)(citations omitted). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). District courts are vested with broad discretionary authority to determine whether counsel should be designated to such a civil pro se plaintiff. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

> The appointment of counsel for an indigent plaintiff in a civil case under 28 U.S.C. §1915[(e)(1)] is discretionary with the court and is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but meritorious case.

Id. at 154 (citation omitted). However, the Third Circuit has clearly indicated that courts should be careful in appointing pro bono counsel because volunteer lawyer time is a precious commodity and it should not be wasted on frivolous cases. See Parham, 126 F.3d at 458. Therefore, the appointment of counsel should be given consideration only if the plaintiff has not alleged a frivolous or malicious claim, but one that has "some merit in fact and law." Id. at 457 (citation omitted); see also Tunnell v. Gardell, 2003 U.S. Dist. LEXIS 27544, at *1 (D. Del. Mar. 14, 2003) (citing Parham, 126 F.3d at 457) (other citations omitted)).

If the court determines that the claims do indeed have some merit in fact and law, then additional factors should be considered. These factors include: (1) the plaintiff's ability to present his or her case based on such factors as education, literacy, prior work experience, prior litigation

experience, the substantive nature of the claim, and/or the ability to understand English; (2) the complexity of the legal issues involved and the lawyering skills required for an effective presentation of the claim; (3) whether the claims are likely to require extensive discovery or compliance with complex discovery rules; and (4) whether the case is likely to turn on credibility determinations or if expert testimony is necessary. See Tabron, 6 F.3d at 155-56. The Third Circuit noted that this list is not exhaustive, and stressed that the "appointment of counsel remains a matter of discretion; section 1915[(e)(1)] gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis." Id. at 157-58 (citations omitted). Moreover, the court emphasized that these considerations should be balanced against "the significant practical restraints on the district court's ability to appoint counsel," such as: the growing number of prisoner civil rights actions filed in federal court, the lack of funding to pay for the appointed counsel; the limited number of competent attorneys willing to undertake such cases without compensation; and the valuable time lawyers volunteer for such representation. See id. at 157.

For the following reasons, the Court will grant Plaintiff's application, finding that the interests of justice require that an attorney assist Plaintiff at this procedural juncture. First, as a threshold matter, the Court finds that Plaintiff's claims may have some merit in fact and law. Second, this Court concludes that depositions may be necessary, specifically depositions of medically trained professionals. Third, the lawyering skills required to obtain this discovery are likely above the skills that Plaintiff possesses. In fact, Plaintiff has already had one case dismissed for failing to oppose a Motion for Summary Judgment, showing an unfamiliarity with basic motion practice. See Bragg v. Agarwal, et al, Civ. No. 08-2219 (Jan. 7, 2009) (D.N.J.)

The Court concludes that in this particular case appointment of pro bono counsel is appropriate.

### III.     CONCLUSION

For the foregoing reasons, the Court will appoint pro bono counsel to Plaintiff. An appropriate form of Order accompanies this Opinion.

Dated: November 23rd, 2009

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.