**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

BRIAN KEITH BRAGG,

        Plaintiff,

v.

DR. RAKESH AGARWAL, et al.,

        Defendants.

Civil Action No. 09-4331 (GEB)

**O P I N I O N**

RECEIVED
AUG 25 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

Robert M. Goodman, Esq.
Greenbaum, Rowe, Smith & Davis
75 Livingston Avenue
Roseland, NJ 07068-3701
Attorney for Plaintiff

Stephen E. Siegrist, Esq.
O'Connor Kimball
51 Haddonfield Rd., Suite 330
Cherry Hill, NJ 08002
Attorney for Defendant Dr. Rakesh Agarwal

Lillian L. Nazzaro, Esq.
Office of County Counsel
McDade Administration Building
640 South Broad Street, P.O. Box 8068
Trenton, NJ 08650-0068
Attorney for Mercer County Defendants

**BROWN, Chief Judge**

    Plaintiff, Brian Keith Bragg, currently incarcerated at the New Jersey State Prison, Trenton, New Jersey, filed a complaint pro se alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Since the filing of the complaint, counsel

has been appointed to represent Plaintiff. The named defendants are Dr. Rakesh Agarwal, and the "Mercer County Defendants" including Nurse Jane Doe, Charles Ellis, Phylis Oliver, Richard Bearden, and Linda Rogers.

On January 13, 2010, counsel for defendant Agarwal filed a motion to dismiss (docket entry 41). Plaintiff filed a brief in opposition to the motion through counsel (docket entry 51). The Court has reviewed all submissions and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the motion will denied.

## BACKGROUND

The following facts are taken from Plaintiff's complaint.

Plaintiff states that in May 2009 he was diagnosed with cancer in his thyroid and lymph nodes, and that he has a large growth on the back of his neck. While housed at Mercer County Correctional Center ("MCCC") as a pre-trial detainee, Plaintiff submitted his name to sick call over 40 times, complaining of sever headaches, dizzy spells, and a throbbing pain in the back of his neck that would not go away. He states: "Not one time was I called to the medical department to see the doctor or to receive any kind of pain medication." (Complt., ¶ 6).

Plaintiff states that he has informed Phylis Oliver, internal affairs, Linda Rogers, Coordinator of Program Services,

and Warden Charles Ellis, of the denial of direct medical treatment to him.

As to defendant Agarwal, Plaintiff states that he had written Dr. Agarwal several letters requesting medical treatment, and received neither answers to his letter nor the requested treatment. He states: "I have put Dr. Agarwal on direct notice that I was suffering from Cancer. I also put my illness on the sick call list . . . ." (Complt., ¶ 6).

Plaintiff lists the following dates as dates that he put himself on the sick call list: June 6, 7, 13, 15, 22, 26, and 30, 2009; July 1, 3, 6, 8, 13, 15, 2009; and August 5, 6, 7, 10, 11, 12, 13, 15, 17 and 18, 2009. He asserts that the sick call nurse, defendant Jane Doe, did not put him on the sick call doctor's list even one time.

Plaintiff states that he is in constant pain, and is "depressed knowing that I have a life threatening illness and I am being denied any medical treatment to treat it." He asserts that "without court intervention I am sure to die a lingering painful death." (Complt. ¶ 6).

Plaintiff asks for monetary and other relief.

## DISCUSSION

**A.   The Motion to Dismiss**

Defendant Agarwal asks this Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). He argues

3

that Plaintiff has failed to state a claim upon which relief may be granted, and that Plaintiff has litigated this matter before Judge Thompson in <u>Bragg v. Agarwal</u>, 08-cv-2219 (AET).

Plaintiff opposes the motion, arguing that this case concerns different issues than the Judge Thompson case, that Judge Thompson's case was not resolved by a final judgment on the merits, that it would be inequitable to bar Plaintiff's request based on an unopposed grant of summary judgment in Judge Thompson's case, and because Plaintiff has a meritorious claim.

**B.  Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

4

In making this determination, a court must engage in a two part analysis. See Ashcroft v. Iqbal, -- U.S. --, --, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. See Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

C.  **42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**D.   Analysis**

1.   <u>Medical Care Standard</u>

Plaintiff was a pre-trial detainee at the time he filed this complaint. Pretrial detainees' medical care claims are analyzed under the Due Process Clause of the Fourteenth Amendment, while medical care claims of convicted prisoners are analyzed under the Eighth Amendment. See <u>Bell v. Wolfish</u>, 441 U.S. 520, 535, n.16, 545 (1979). However, the Court of Appeals for the Third Circuit has analyzed pretrial detainees medical care claims utilizing the Eighth Amendment standard. See <u>Hubbard v. Taylor</u>, 399 F.3d 150, 166 n.22 (3d Cir. 2005); <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 581-82 (3d Cir. 2003); <u>Sylvester v. City of Newark</u>, 120 Fed. Appx. 419 (3d Cir. 2005).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with

adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege a serious medical need and behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v.

7

Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

 Therefore, in summary:

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate "to undue suffering or the threat of tangible residual injury," deliberate indifference is manifest. Similarly, where "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care," the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated "[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny

access to a physician capable of evaluating the need for such treatment."

<u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987)(internal citations omitted).

    2.   <u>Judge Thompson Case</u>

In his prior filing, Plaintiff sought to sue Dr. Agarwal, along with various John/Jane Doe medical personnel, and the Medical Department of MCCC. <u>See</u> <u>Bragg v. Agarwal</u>, 08-cv-2219 (AET). Plaintiff's complaint, filed on May 8, 2008, asserts that in April of 2008, Plaintiff was seen by Dr. Agarwal for a lump on the back of his head that was causing him pain and dizziness. Dr. Agarwal treated Plaintiff with pain medication, but did not allow him to see a specialist or have further testing done due to budgetary restraint. He told Plaintiff that he would "have to deal with [his] medical problems after [his] release." The lump continued to grow and cause pain between that visit in April of 2008 and the filing of the complaint in May of 2008. <u>See</u> <u>id.</u> (Complt., docket entry 1).

On October 23, 2008, Defendant Agarwal filed a motion for summary judgment (docket entry 16). A few days later, Defendant Agarwal filed a motion to dismiss for failure to respond to discovery and for failure to keep Court and counsel advised of his current address (docket entry 18). During this period, mail sent to Plaintiff was returned to the Clerk of the Court as undeliverable (docket entries 5, 20, 22).

On January 7, 2009, Judge Thompson filed a Memorandum and Order granting the motion for summary judgment and finding the motion to dismiss moot (docket entry 21). The Memorandum Opinion and Order granted the motion for summary judgment based on the fact that Plaintiff did not file opposition to the motion, and therefore, Defendant's statement of facts was treated as uncontroverted. The Clerk of the Court attempted to mail the Memorandum Opinion and Order to Plaintiff, but the mailing was returned as undeliverable (docket entry 22).

Six months later, Plaintiff wrote to the Clerk of the Court asking about the status of his case (docket entry 23). He also requested copies of certain documents due to an address change (docket entry 24), and a copy of the docket sent to Plaintiff was thereafter again returned as undeliverable on August 14, 2009 (docket entry 25). That was the last entry on Judge Thompson's docket.

The instant complaint now before the Court was filed on August 25, 2009. The complaint alleges that Plaintiff was diagnosed with cancer in May of 2009, after the Judge Thompson case was resolved. Therefore, the issues raised in the 2008 case before Judge Thompson, and prior to the allegation that Plaintiff was diagnosed with cancer, differ from the issues raised in the instant complaint, filed after Plaintiff's allegation of being diagnosed with cancer.

3.  <u>The Motion to Dismiss will be Denied.</u>

As noted, the motion pending before this Court is a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), not a summary judgment motion, pursuant to Federal Rule of Civil Procedure 56. As such, with a motion to dismiss, this Court will only consider the complaint and "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

It is clear to the Court that Plaintiff's case before Judge Thompson was not decided on the merits, but rather the summary judgment motion was granted due to being unopposed. It is also evident that the motion was unopposed because Plaintiff had been transferred to at least one other location during the pendency of the motion. This Court further notes that the Judge Thompson case dealt with Plaintiff's medical treatment in April to May of 2008, whereas the instant complaint now before the Court concerns the lack of medical treatment from June through August, 2009. Again, the Court notes that Plaintiff asserts that he was diagnosed with cancer in May of 2009, well after the dismissal of Judge Thompson's case in January of 2009. Therefore, this Court

finds no merit in Defendant's argument that Plaintiff is precluded from bringing this complaint.

Faced with only the complaint, it is clear that Plaintiff has stated a claim sufficient to withstand a 12(b)(6) dismissal. As explained, in Eighth Amendment medical care claims, Plaintiff must allege a serious medical need, and deliberate indifference on the part of the state actor.

In this case, the complaint alleges that Plaintiff was diagnosed with cancer in May of 2009. Whether or not that is true, as Defendant asserts, is a matter left to discovery in the normal course of litigation. Clearly, for purposes of medical care claims, cancer is a serious medical problem. Plaintiff has also alleged that he had requested medical attention for his condition on 23 occasions within three months at MCCC, and was denied. Plaintiff asserts in this complaint that he received absolutely no medical care for his alleged medical needs. It is apparent that based on Plaintiff's allegations, Defendant Agarwal, who Plaintiff contends was aware of the alleged cancer diagnosis, was deliberately indifferent to his medical needs.

However, both parties rely on the Certification of Dr. Michael Hemsley ("Hemsley Certification), attached to Defendant's Motion to Dismiss as Exhibit D. It is well-established that:

> Ordinarily, if, on a Motion to Dismiss, a party presents matters outside the pleadings, the District Court must convert the Motion to Dismiss into a Motion for Summary Judgment, and give all parties a reasonable

12

> opportunity to present all material pertinent to such a motion under Rule 56. See Fed. R. Civ. P. 12(b); Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989). However, in this Circuit, a District Court may also consider: (1) matters attached to the complaint, see Fed. R. Civ. P. 10(c); (2) matters incorporated into the pleadings by reference; (3) matters of public record, and (4) matters integral to or upon which plaintiff's claim is based.
>
> "The primary purpose of Rule 12(b)'s conversion provision is to protect plaintiffs against, in effect, summary judgment by ambush." See Bostic v. AT&T of the Virgin Islands, 166 F. Supp.2d 350, 354-55 (D.V.I. 2001).

In re Bayside Prison Litigation, 190 F. Supp.2d 755, 760 (D.N.J. 2002)(internal citations omitted). In this case, this Court will consider the Hemsley Certification as a matter integral to or upon which Plaintiff's claim is based, and because Plaintiff too relies on the certification he is not being "ambushed" by this Court's consideration of it.

Dr. Hemsley certifies that he has reviewed Plaintiff's medical chart and has examined Plaintiff. Dr. Hemsley states that Plaintiff was examined by an ENT specialist on September 14, 2009, and that he examined Plaintiff on October 21, 2009, both examinations being conducted after the commencement of this action. The ENT diagnosed Plaintiff with a benign tumor limiting the range of motion, and recommending excising the tumor at the September examination. At the October exam with Dr. Hemsley, Plaintiff requested that the tumor be removed, and, despite the ENT's recommendation to excise the tumor, Dr. Hemsley told

Plaintiff that the tumor was a benign, non-cancerous accumulation of fat and Plaintiff became upset and left the room. According to Plaintiff, the tumor was eventually excised. See Hemsley Certification, Exhibit D.

Based on the foregoing, this Court finds that Plaintiff has asserted factual allegations which are sufficient to show that he has a "plausible claim for relief." See Iqbal, 129 S. Ct. at 1950. Even considering the Hemsley Certification, Plaintiff has established that during the time period maintained in the complaint, June 2009 through August 2009, he was not treated by defendant Agarwal for a lump on his neck that he believed was cancer, and which was causing him pain and other symptoms. As such, he has pleaded a plausible claim for relief, and defendant Agarwal will be ordered to answer the complaint. Of course, as litigation proceeds, defendant Agarwal is free to file a motion for summary judgment. However, at this stage of litigation, it is clear that Plaintiff complaint withstands dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant Agarwal's motion to dismiss is denied. An appropriate Order accompanies this Opinion.

_____
GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: August 25, 2010